## SPINK v. BODENSICK.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS.

>Where, in an action for breach of an alleged contract to employ plaintiff for a year, the only issue was whether plaintiff was employed for a year, or from week to week, a letter written by plaintiff to defendant, after she had been discharged, protesting against notification that, in order to retain her position, she must suffer a reduction in salary of from $60 to $40 per week, and that she was writing defendant to keep his agreement, made with her in September, 1911, was inadmissible as a self-serving declaration.

>[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1069–1079, 1081–1104; Dec. Dig. § 271.*]

Appeal from City Court of New York, Trial Term.

Action by Maud Deacon Spink against Jennie M. Bodensick. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Myers & Goldsmith, of New York City (Harry A. Gordon, of New York City, of counsel), for appellant.

Daniel W. Blumenthal, of New York City (Maurice B. Blumenthal and Leopold O. Rothschild, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff has recovered a verdict for breach of a contract of employment. Plaintiff's claim was that she was employed on September 11, 1911, at $60 a week, and discharged without cause after the lapse of about one-third of the term. Defendant's claim is that the employment was only weekly, and that not a word was mentioned about any contract for a year. Thus the issue was sharply defined.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

During the course of her testimony, the plaintiff, speaking of the time of her discharge, said that she went home and wrote defendant a personal letter, which her counsel offered in evidence, but which was objected to as a self-serving declaration. The court said:

"I do not think that it is material."

Plaintiff's counsel suggested that it was only for the purpose of showing plaintiff's willingness, to which the court replied that that was unnecessary, and the ruling excluding the testimony then stood unchallenged. Plaintiff then, referring to a subsequent conversation over the telephone with defendant, testified that she asked defendant whether the letter had been received; that defendant said she had answered it. Plaintiff then remarked that she had not yet received any answer, and defendant said, "You have got my answer," and plaintiff continues, "She put up the receiver." Plaintiff also testified that she did not send this letter until she had shown it to her lawyer. Later on in the trial, while defendant was testifying in her own behalf, she testified substantially to the same effect as plaintiff had in regard to the conversation about the letter. There was nothing in this testimony, standing by itself, to make the letter material evidence in this case, but the learned trial court remarked:

"I think now that the letter ought to go in evidence."

Defendant again objected to it as a self-serving declaration, but it was received and marked. The letter reads as follows:

"Wednesday, Jan. 3rd, 1912.

"My dear Mme. Mood: Since your husband, Mr. Bodensick, telephoned me on Saturday night, notifying me that unless I agreed to reduce my salary from $60 to $40 a week, my services would have to be dispensed with your concern, I have been much surprised by it. Really I am at a loss to understand your attitude in this matter, after all that I have tried to do for you; and I am now writing to ask you to keep your agreement that you made with me on September 11th last. I am out of work, and as you know this is no time for me to secure other employment. I cannot see why you failed to see me when I called at the store yesterday. Awaiting your immediate reply, believe me

"Most respectfully,    Maud D. Spink, 500 West 111th St., City."

I cannot find that this letter, introduced against defendant's objection, was other than immaterial and purely a self-serving declaration of the plaintiff, and that, in view of the only issue really contested, it was likely to be exceedingly prejudicial to the defendant's case. The statement that defendant's husband had insisted that plaintiff should reduce her salary, and the statement that plaintiff was writing to ask defendant to keep her agreement made in September last, were palpable reassertions of plaintiff's position and contention on the trial. The natural inference, to a lay mind, from the introduction of the letter and the fact that defendant did not answer or deny the statements therein contained, might very well be that defendant admitted the statements therein contained. See Droste v. Wabash R. R. Co., 153 App. Div. 160, 138 N. Y. Supp. 203.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.